GEORGIA L. EVERETT, Respondent, *v.* EDWARD EVERETT, Appellant.

1. RES ADJUDICATA — FOREIGN JUDGMENT. A judgment of a foreign state denying a petition by an alleged wife for maintenance and support, in which the defense was interposed that her marriage had been annulled in this state upon the ground that she had a husband living at the time she contracted the marriage, is a bar to the maintenance of an action by her to set aside the decree of annulment, for leave to come in and defend and for the determination of the validity of the marriage,

upon the ground that she was and always had been the lawful wife of the defendant and that she was induced through his fraudulent representations to allow him to obtain the decree by default: since the foreign judgment is conclusive as to all questions involved in the proceeding and decided by the court and one of them must have been whether or not she was the defendant's wife, which must be deemed negatived by such judgment.

2. SAME — ORDER DENYING MOTION TO OPEN DEFAULT. The mere denial of a motion, however, to open the default and to be permitted to defend, although finally decided after a full hearing upon the facts, both with respect to the merits and as to the fraud claimed to have been practiced upon her, is not a bar to the maintenance of the action.

3. WHEN ACTION NOT EQUIVALENT TO MOTION TO OPEN DEFAULT. Such an action cannot be regarded as simply one to open a default in a prior suit and permit the plaintiff to answer therein where the complaint not only demands that the decree of annulment be set aside as having been procured by fraud, but that the validity of the marriage which had been nullified by that decree be determined.

4. DEFECTIVE FINDING OF FRAUD. In such an action a finding of fraud in general terms, without specifying a single act or a single statement upon which such a conclusion can be predicated, is insufficient to support a judgment in favor of the plaintiff.

*Everett* v. *Everett*, 89 App. Div. 619, reversed.

(Argued January 23, 1905; decided February 21, 1905.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered January 7, 1904, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*George Zabriskie* for appellant. The Appellate Division disposed of the appeal upon an erroneous theory of the action. *First.* By affirming the judgment they have given the plaintiff the entire ultimate relief which she claimed, while avowedly refusing in their opinion to consider whether either upon the facts or in point of law she is entitled to it. *Second.* The Appellate Division have misapprehended the scope of the action and the effect of the judgment in supposing that it is merely to vacate the judgment in the nullity suit. (*Ross* v,

*Wood,* 70 N. Y. 8 ; *People ex rel.* v. *Coffin,* 7 Hun, 608 ; 12 Hun, 469 ; 3 Pom. Eq. Juris. § 1365 ; *Archibald* v. *N. Y. C. & H. R. R. R. Co.,* 157 N. Y. 574 ; *Otten* v. *M. R. R. Co.,* 150 N. Y. 395, 404 ; *Frear* v. *Sweet,* 118 N. Y. 454 ; *Knapp* v. *Simon,* 96 N. Y. 284 ; Story's Eq. Pl. §§ 426, 428 ; *Richmond* v. *Tayleur,* 1 P. Wms. 177 ; *Loyd* v. *Mansell,* 2 P. Wms. 73 ; *Sheldon* v. *Fortescue,* 3 P. Wms. 111 ; *Wortley* v. *Burkhead,* 3 Atk. 811 ; *Galley* v. *Baker,* Cas. t. Talb. 201 ; *Brook* v. *Mostyn,* 33 Beav. 457 ; 2 De G. & S. 373 ; L. R. [4 H. L.] 304 ; *Patch* v. *Ward,* L. R. [3 Ch. App.] 203.) The judgment is not supported by the findings of the trial court, either with regard to the validity of the plaintiff's marriage to the defendant or with regard to the fraud imputed to the defendant in the proceedings in the nullity suit, or with regard to defendant's plea of acquiescence and laches. (Code Civ. Pro. § 1022 ; *Callanan* v. *Gilman,* 107 N. Y. 360 ; *Van Slyck* v. *Hyatt,* 46 N. Y. 259 ; *Rogers* v. *Beard,* 20 How. Pr. 282 ; *Tomlinson* v. *Mayor, etc.,* 23 How. Pr. 452 ; *Wright* v. *Delafield,* 25 N. Y. 266 ; *Southwick* v. *F. Nat. Bank,* 84 N. Y. 420 ; *Day* v. *Town of New Lots,* 107 N. Y. 148 ; *Romeyn* v. *Sickels,* 108 N. Y. 650 ; *Reed* v. *McConnell,* 133 N. Y. 425 ; *Bradt* v. *Krank,* 164 N. Y. 515 ; *Kley* v. *Healy,* 149 N. Y. 346 ; *Shaffer* v. *Martin,* 20 App. Div. 304.) The finding of fraud is insufficient to support the judgment within the issues. The court has not found that the defendant made any of the representations alleged in the complaint, and the plaintiff has not charged that the defendant made any of the representations found by the court. (*N. Y. T. Co.* v. *Tyroler,* 25 App. Div. 161 ; *Shotwell* v. *Dixon,* 163 N. Y. 43 ; *Lopez* v. *Campbell,* 103 N. Y. 340 ; *Constant* v. *University of Rochester,* 133 N. Y. 640 ; *Morris* v. *Talcott,* 96 N. Y. 100 ; *Diefendorf* v. *Gage,* 7 Barb. 20 ; *Reed* v. *C. C. G. Co.,* 47 Hun, 410 ; *Henry* v. *Suttle,* 42 Fed. Rep. 91 ; *Clongle* v. *Holden,* 115 Mo. 351 ; *Duncan* v. *Lyon,* 3 Johns. Ch. 351.) The court below erred in holding that the order of the General Term denying plaintiff's motion in the nullity suit to vacate the decree for fraud, is not *res adjudicata* upon

the issues in this action. (*Pollock* v. *Pollock*, 71 N. Y. 137 ; *Eaton* v. *Wells*, 82 N. Y. 576 ; *Everett* v. *Morrison*, 69 Hun, 146 ; *Olcott* v. *Tioga R. R. Co.*, 26 Barb. 147 ; *Burt* v. *Powis*, 16 How. Pr. 289 ; *Moore* v. *City of Albany*, 98 N. Y. 396 ; *Dwight* v. *St. John*, 25 N. Y. 203 ; *Demarest* v. *Darg*, 32 N. Y. 281 ; *Brown* v. *Mayor, etc.*, 66 N. Y. 385 ; *Riggs* v. *Purcell*, 74 N. Y. 370.) The court below erred in holding that the decree of the Probate Court at Boston dismissing plaintiff's petition for separate maintenance by the defendant, is not *res adjudicata* upon the issues in this action ; and in so holding it failed to give to that decree the full faith and credit which under the Constitution of the United States belongs to it. (*Everett* v. *Everett*, 75 App. Div. 369 ; *Kerr* v. *Kerr*, 41 N. Y. 272 ; *Kinnier* v. *Kinnier*, 45 N. Y. 535 ; *Wood* v. *Jackson*, 8 Wend. 1 ; *Kerr* v. *Hays*, 35 N. Y. 331 ; *Smith* v. *Smith*, 79 N. Y. 634 ; *Carleton* v. *Lombard*, 149 N. Y. 137 ; *Baker* v. *Rand*, 13 Barb. 152 ; *M'Elmoyle* v. *Cohen*, 13 Pet. 312 ; *Mills* v. *Duryee*, 7 Cr. 481 ; *Hampton* v. *McConnel*, 3 Wheat. 234 ; *Dobson* v. *Pearce*, 12 N. Y. 156 ; *Revere Copper Co.* v. *Dimock*, 90 N. Y. 33.)

*W. H. Van Steenbergh* for respondent. The defendant's contention that the proceeding taken in the Probate Court in Massachusetts was *res adjudicata* has been effectually disposed of on a former appeal. (*Everett* v. *Everett*, 75 App. Div. 369 ; *Genet* v. *D. & H. Co.*, 170 N. Y. 278.) The decree annulling the marriage of date April, 1888, cannot be held to be *res adjudicata*, and the Supreme Court has power to vacate and set aside its own judgments, if it appears that they have been obtained by fraud. (*Bradstreet* v. *Ins. Co.*, 3 Sumn. 604 ; *Blank* v. *Blank*, 107 N. Y. 91 ; *Howell* v. *Mills*, 53 N. Y. 322 ; *Keck* v. *Werder*, 86 N. Y. 264 ; *Hills* v. *Hermans*, 59 N. Y. 396 ; *Dwight* v. *St. John*, 25 N. Y. 203 ; *Matter of Livingston*, 34 N. Y. 555 ; *Simons* v. *Hart*, 14 Johns. 63 ; *Van Rensselaer* v. *Sheriff*, 1 Cow. 501 ; *Dolfus* v. *Frosch*, 5 Hill, 493 ; *Mack* v. *Patchin*, 29 How. Pr. 29 ; 42 N. Y. 167 ; *Riggs* v. *Pursell*, 74 N. Y. 370.) The fraud and decep-

tion practiced by the defendant upon the plaintiff was clearly established. (*Hunt* v. *Hunt,* 72 N. Y. 227 ; *Finn* v. *Finn,* 62 How. Pr. 83 ; *Abegg* v. *Schwab,* 31 N. Y. S. R. 139.)

O'BRIEN, J. In this action the plaintiff sought to set aside a judgment which the defendant had procured against her in the year 1888. The allegations of the complaint in substance are that the judgment was procured by the defendant against the plaintiff by fraud. The courts below have impeached the judgment for fraud and have set it aside.

The appeal presents one of those matrimonial tangles involving numerous contradictions and intricacies. The record contains a mass of testimony, oral and written, which we may not deal with, since the learned court below was unanimous in its decision vacating the judgment. We will in this review deal only with certain questions that arise upon conceded facts, or upon the pleadings, or that have been found by the trial court, and with the exceptions taken to the decision of the trial court upon questions of law. It will require some time and space to state the facts involved in the questions presented in such a way as to make our conclusions intelligible. Some minor questions that were the subject of controversy at the trial need not be referred to. The testimony at the trial discloses numerous contradictions and conflicts, but we think it has little, if any, bearing upon the questions of law that ought to control the case.

On the 30th of October, 1884, the plaintiff and defendant were married by a justice of the peace in Brooklyn. There is no dispute about the fact that a marriage ceremony was performed which was valid in the eye of the law, providing that the parties were qualified to enter into such a contract. It has been found that in December, 1887, the defendant, that is, the husband, commenced an action in the Supreme Court against the plaintiff, the wife, to annul the marriage between the parties. That thereupon such proceedings were had that a judgment was rendered on April 9th, 1888, whereby it was adjudged that no valid contract of marriage had been entered

into between the plaintiff and defendant, and that the marriage contract entered into between them on October 30th, 1884, was void, and that the said marriage be, and the same by said judgment was, annulled. The judgment so procured annulling the marriage was based entirely upon the ground that at the time of the ceremony before the justice of the peace in Brooklyn, the plaintiff in this action, that is, the wife, had another husband living, and the testimony of that person was taken at the trial of the present action. A certified copy of the judgment annulling the marriage was served on the wife, plaintiff in this action, on the 3rd day of June, 1888.

On the 27th day of May, 1892, nearly four years after the entry of the judgment, the plaintiff herein made a motion to the court in which the judgment was rendered showing that the judgment had been obtained by default, and that she was induced to abstain from defending the same by reason of false and fraudulent representations on the part of her husband, the defendant herein. There is no dispute about the fact that in the action resulting in the judgment the wife made no defense, but the allegations of the complaint were, under the practice of the court, referred to a referee to take testimony as to the facts and report the same to the court. A full hearing was had before the referee. Witnesses were examined and the testimony reported to the court, with the referee's conclusions, to the effect that the prayer of the complaint should be granted. This report was confirmed and judgment ordered for the plaintiff in the action. The application of the wife to open the judgment and to be permitted to defend was fully heard at a Special Term of the court; all the facts bearing upon the merits of the action and upon the allegations of fraud on the part of the husband were fully presented on both sides by affidavits, and the court granted the motion, opened the judgment and allowed the wife to come in and defend; but the husband appealed from this order to the General Term, where the case was fully heard, and the order of the Special Term was reversed and the application of the wife was denied. Subsequently a motion was made to the

General Term for a reargument, which was denied on the 10th of May, 1893.

On the 21st of February, 1895, the wife commenced a proceeding against the husband in the Probate Court for Suffolk county, in the state of Massachusetts, alleging in her petition that she was the defendant's wife, and that he without just cause failed to furnish suitable support for her and had deserted her, and that she was living apart from him for justifiable cause, and in her prayer for judgment she asked that the court make such order as it deemed expedient concerning her support. Pursuant to an order made by the court the plaintiff in that proceeding filed specifications stating that she was married to the defendant on October 31st, 1884, and, further, that a legal marriage according to the laws of the state of New York was entered into in that state between her and the defendant on April 15th, 1888. This last marriage is what was termed in the case a common-law marriage. It was also alleged in the petition that the defendant had deserted her on the 30th day of May, 1891, and had since contributed nothing to her support. The husband, who is the defendant in this action, admitted the early marriage and alleged that the same had been declared null and void by the judgment hereinbefore referred to, and further alleged that at the time of the marriage, and also at the time of the alleged subsequent common-law marriage, the plaintiff herein was the wife of another man, giving his name, and that by reason thereof both the supposed marriages between the plaintiff and the defendant, by her alleged, were null and void. On the 25th of March, 1897, the court made a decree whereby it found and decided that the prayer of the plaintiff's petition should not be granted and adjudged that the petition be dismissed, and a few days thereafter the present action was commenced. It seems that there have been three trials and three appeals to the Appellate Division in which some feature of the case has been referred to. (*Everett* v. *Everett*, 48 App. Div. 475; 75 id. 369; 89 id. 619.)

In the defendant's answer in this action he sets forth cer-

tain adjudications which he claims were conclusive against the right of the plaintiff to maintain this action. These adjudications are the judgment annulling the marriage, the order made upon the motion to set this judgment aside and to permit the wife to come in and defend and the decree entered in the Probate Court in Massachusetts upon the wife's application to compel the husband to furnish support. Perhaps the most important question of law in this case arises upon these defenses. They were disposed of by the learned trial court in his eighth finding of fact which is in the following words: "That the matters set forth in the second, third and fifth defenses, or either of them, in the answer therein, are not *res adjudicata* as to the issues herein." Although this purports to be a finding of fact, it is clearly nothing but a conclusion of law. It expresses the decision of the trial court on a matter of law and not upon a matter of fact. It is substantially the decision of the court that these defenses are not available to the defendant herein. The question presented on this ruling is substantially the same as if the plaintiff had demurred to these several separate defenses on the ground that in law they constituted no defense to the action. This finding was excepted to by the defendant and this exception presents the question whether the disposition made by the learned trial court of these several defenses was correct. We think it was not, at least as to one of them, for the reason which must presently be stated.

The Massachusetts judgment was based upon the petition of the wife and it was founded upon the allegation that she was the defendant's wife; that he had deserted her and failed to contribute to her support. These allegations of fact were put in issue by the defendant and must have been determined by the court. An exemplification of the judgment record in the action which annulled the marriage was presented to the Probate Court and admitted in evidence. The court had jurisdiction of the parties and the subject-matter of the controversy and its judicial power extended to every material question in the proceeding. The determination of the court

that the plaintiff was not entitled to the relief demanded in her petition must be deemed to have included the question as to the validity of her marriage. In other words, the court must have determined the question whether the petitioner was in fact the defendant's wife, and this involved an inquiry with respect to the question whether at the time of her marriage before the justice of the peace in Brooklyn she had another husband living. There was evidence before the court on that question, since the record of the judgment annulling the marriage in this state was before it. That judgment of a sister state was entitled in the present action to full faith and credit under the Constitution of the United States, any statute, rule of procedure or even any constitutional provision in any state to the contrary notwithstanding. The provision of the Federal Constitution with respect to the force and effect to be given to the judgments of other states, and the act of Congress passed in pursuance thereof, is the supreme law of the land, and any statute or rule of practice in this state that would tend to detract or take from such a judgment the force and effect that it is entitled to under the Federal Constitution and in the state where rendered must be deemed to be inoperative. So we think that that judgment was conclusive upon the parties to this action with respect to all the questions which were involved in the proceeding and decided by the court, and clearly one of those questions was the status of the present plaintiff. She alleged that she was the defendant's wife, and this allegation must be deemed to have been negatived by the decision in the proceeding. The case of *Genet* v. *D. & H. Canal Co.* (170 N. Y. 278) has no application, since it appears from the exemplified record of the proceeding in the Probate Court that the parties appeared and joined issue and a full hearing was had upon the questions of fact and law involved. The court decided that the prayer of the petition should not be granted, and it is of no consequence that the judgment took the form of an order that the petition be dismissed. The case of *Deeley* v. *Heintz* (169 N. Y. 129) has more application. In that case it was held that inasmuch

as it appeared from the record that the questions were fully litigated and findings made that it was a judgment on the merits and not a nonsuit that permitted the questions to be tried again. In such cases, whatever may be the form in which the judgment is expressed, it is generally a bar to another litigation involving the same questions.

The decision of the motion made upon the plaintiff's application to open the former judgment and to be permitted to defend we think stands upon a different ground. At the time that motion was made there was no issue in the action to be tried, since the defendant therein had made default and the only purpose of the motion was to open that default and to give her an opportunity to make an issue in the case by the service of an answer. Although that motion was in the end decided against her after a full hearing upon the facts, both with respect to the merits of her defense and to the question of fraud which she claimed had been practiced upon her by the husband in order to induce her to refrain from serving an answer, yet we think that was not such a final decision as would operate as an absolute bar to the present action. There is no doubt that the result of a litigation which takes the form of a motion may constitute a bar to another action or proceeding involving the same question. The case of *Williams* v. *Barkley* (165 N. Y. 48) is an authority upon that question, in which the rule is stated from the adjudged cases and the elementary books. But the question with respect to the effect of an adjudication upon a motion must always depend upon the nature of the proceeding. A motion to open a default for any reason is generally addressed to the discretion of the court, and is in its nature interlocutory. Such a motion can never result in a decision of the issues involved in the controversy, since it is always predicated upon the fact that the defaulting party has lost the opportunity to present the issue to the court, and the question always is whether the party applying should be permitted to plead.

There is another consideration which we think is conclusive with respect to the character and effect of the order which

denied the plaintiff's application for leave to answer. Estoppels must be mutual, and the order denying the application for leave to answer cannot be held to constitute a bar to the present action unless, if it had been decided the other way, it would have operated as a bar against the husband, the defendant in this action. In other words, if, instead of granting the plaintiff's motion at the Special Term, the court had denied it on the ground that she had no defense, and that there was no fraud, but that decision had been subsequently reversed by the General Term on the ground that she had a defense, which she was fraudulently prevented from interposing, it would not, we think, be claimed that any such result would be a bar to the right of the husband on the trial of, the action to contest all the issues in the case. In that aspect the order would have no force except as an authority for the wife to serve the answer which she was prevented from doing by the husband's fraud, but it could not conclude the husband upon any question raised by the pleadings in the case: So we think that the final order made upon the motion to open the default and for leave to answer was not a bar to this action, although, of course, all the disputed questions of fact involved in this case were necessarily passed upon, but not in such a way or under such circumstances as to prevent the plaintiff from relitigating the questions in the form of action which she had instituted. (*Rudd* v. *Cornell*, 171 N. Y. 127–131.)

There is another question in this case which to a very large extent pervades all the reasoning, and is involved in most of the judicial action of the learned courts below, and that is that this is simply an action to open the plaintiff's default in the prior suit and to reinstate her in her original right to defend. In other words, the judgment in this action is sought to be limited in its scope to the purpose for which the motion was made. This, we think, is an erroneous view of the scope of the action and the effect of the judgment. The complaint not only demands that the judgment be set aside as having been procured by fraud, but that the validity of the marriage which had been nullified by that judgment be determined and

declared, and the learned trial court not only set aside the
judgment, but decreed that the marriage contracted between
the plaintiff and the defendant is still binding and in full force
and effect.   The judgment in this case not only sweeps away
the former judgment and completely disposes of that action,
but it determines, affirmatively, that the plaintiff is still the
defendant's wife.   The only remedy that the defendant can
avail himself of hereafter is to bring a new action, and to that
action the judgment in this case would be a complete and con-
clusive bar.   So that the present action involved not only the
question of fraud in the former judgment, but the validity of
the very marriage that that judgment nullified.

Although the judgment of the learned court below was
unanimous, still the question is open in this court whether the
conclusions of law are supported by the facts found, and
whether the exceptions taken present such errors of law as are
fatal to the judgment.   We have already pointed out what
seems to us to be the effect of the former litigations involving
the same questions that were litigated in this case.   The ques-
tion of actual fraud on the part of the defendant occupies an
important place in the controversy.   Much evidence was
given at the trial on that question.   The allegations of the
complaint are full and specific as to the fraud which it is
claimed the defendant perpetrated upon the plaintiff.   The
complaint alleges that about the year 1887 the defendant, with
fraudulent intent and for the purpose of misleading and
deceiving the plaintiff, represented that his family would
never recognize a marriage performed by a justice of the
peace, and that a ceremonial marriage would have to take
place before a minister of the gospel; that it was necessary to
have the marriage ceremony performed by the justice of the
peace annulled and set aside; that after that had been done
the defendant would have a ceremonial marriage performed
by a regularly ordained minister of the gospel; that the pro-
ceedings to annul the marriage would be merely formal; that
the plaintiff need not give the same any attention whatever,
and that the defendant would look after all the details; that

it would not be necessary for her to peruse any papers which might be served upon her, or engage counsel to represent her. None of the facts so alleged were found by the learned trial court, and the findings in this case are entirely silent as to what, if anything, the defendant did or said that induced the plaintiff to forbear defending the action. The finding is in these words: " That the defendant herein, intending to mislead this plaintiff, made to this plaintiff false and fraudulent representations, knowing them to be false, concerning the nature, effect and object of the said action, for the purpose of inducing this plaintiff to abstain from defending the said action, and that the plaintiff, believing the said false and fraudulent representations to be true, did abstain from defending the said action." Although this finding seems to be quite sweeping and comprehensive in its language, it does not contain a single specific fact which justified the conclusion that the defendant had been guilty of fraud in procuring the judgment. It is nothing more than a mere conclusion without any facts to sustain it. The plaintiff sought to impeach a judgment recovered against her many years before. In such an action we think it is not sufficient to find fraud in general terms without specifying a single act or a single statement upon which such a conclusion could be predicated. In an action where fraudulent acts and statements are charged, the general conclusion of law that the defendant was guilty of fraud is not sufficient to support the judgment.

There are many other questions in this case which have been discussed at length upon the argument and are to be found in the briefs of the respective counsel, but it is unnecessary to consider them. We think that the judgment must be reversed, and as there appears to be at least one conclusive obstacle to the plaintiff's success, a new trial would be useless, and so the complaint should be dismissed upon the merits.

HAIGHT, J. I favor reversal of the judgment and new trial in this action and concur to that extent with the opinion of O'BRIEN, J., except in one particular. I do not think that the

Massachusetts judgment, so called, is *res adjudicata* of the
issues involved in this action.   In that case the plaintiff had
petitioned the Probate Court of the county of Suffolk, in the
commonwealth of Massachusetts, to compel the defendant,
whom she alleged to be her husband, to make provision for
her support.   In answer thereto the defendant denied that he
was her husband, and set up the decree of divorce obtained in
this state annulling his marriage to her.   Thereupon the judge
of the Probate Court ordered that the plaintiff's petition be
dismissed.   Whether the decree of divorce in this state was
obtained through false and fraudulent representations does
not appear to have been alleged or litigated in those proceed-
ings.   The judge of the Probate Court was, therefore, obliged
to give full faith and credit to the judgment and decree of the
courts of this state, under the Constitution of the United
States.   (*Kerr* v. *Kerr*, 41 N. Y. 272.)   Whether the Pro-
bate Court had jurisdiction to try the question as to whether
the New York judgment was obtained through false and
fraudulent representations it is not necessary to now deter-
mine, in view of the fact that that issue was not raised or
determined in those proceedings.   The court simply dismissed
the petition.   It does not appear even that it was dismissed
upon the merits.   It seems to me, therefore, that the deter-
mination in those proceedings does not preclude the plaintiff
from bringing this action to set aside the decree of divorce
upon the ground that it was obtained through false and
fraudulent representations by the defendant.   (*Everett* v.
*Everett*, 75 App. Div. 369.)

GRAY, BARTLETT, VANN and WERNER, JJ., concur with
O'BRIEN, J.; HAIGHT, J., reads for reversal and new trial;
CULLEN, Ch. J., not sitting.

Judgment reversed and complaint dismissed, without costs.