(67 Misc. Rep. 592.)

## COAKLEY v. RICKARD.

(Supreme Court, Special Term, New York County. May, 1910.)

JUDGMENT (§ 946*)—JUDGMENT ON FOREIGN JUDGMENT—VACATING ON MOTION
—GROUNDS.

　　In an action on a foreign judgment on default, where judgment was
granted for plaintiff on the pleadings, the latter judgment could not be
vacated after the time to appeal had expired, though the court in the for-
eign state, on allegations of fraud, vacated the default judgment after the
time to appeal had expired, defendant's remedy being to move to open the
judgment on showing a good defense on the merits, an excuse for having
suffered default in the foreign state and for not having set up his pres-
ent claim before judgment was entered.

　　[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1785; Dec. Dig.
§ 946.*]

Action by Cornelius G. Coakley against George T. Rickard; the
name "George" being fictitious. Motion by defendant to vacate judg-
ment granted on the pleadings. Motion denied.

See, also, 137 App. Div. 920, 122 N. Y. Supp. 1125.

Arthur Knox, for plaintiff.
Charles Lex Brooke, for defendant.

WHITNEY, J. Plaintiff is a physician in New York who at-
tended defendant's daughter in a severe illness at the father's request.
Defendant is a resident of the state of Nevada. Plaintiff's bill has not
been paid, and the only dispute upon the merits is as to the amount.
Not being able to collect it by other means, plaintiff assigned his claim
to a resident of Nevada and obtained judgment by default. Defend-
ant was subsequently found here and served with process in an action
upon that judgment, which had been assigned back to plaintiff. At
the same time certain moneys claimed to belong to him were attached
in the hands of a third party. He appeared generally in the action
here, but judgment against him was granted upon the pleadings,
and the time to appeal therefrom has long expired.

This is a motion to vacate the judgment. The ground of the mo-
tion is that after the judgment and after the time to appeal there-
from had expired, upon allegations of fraud, the court in Nevada
granted a motion to open his default in the case in that state, and
gave him 10 days to answer the complaint therein upon payment of
costs, and it is conceded by the parties here that those costs have
been paid. Defendant's theory is that this order of the Nevada court
knocked the sole prop from under the New York judgment, so that
the latter fell simultaneously to the ground. To me, however, the
precise opposite seems to be the case. It stands adjudicated in New
York, upon the appearance of both parties, that there is a valid judg-
ment in Nevada for a particular sum in favor of a party to whose
rights the plaintiff has succeeded. The New York judgment must
be opened before the Nevada judgment can be opened. Everett v.
Everett, 180 N. Y. 452, 73 N. E. 231, overruling s. c., 75 App. Div.
369, 78 N. Y. Supp. 193. See, also, Bidwell v. Bidwell, 139 N. C.

402, 52 S. E. 55, 2 L. R. A. (N. S.) 324, 111 Am. St. Rep. 797. To open the New York judgment he must show that he has a good defense upon the merits, a good excuse for having suffered default in Nevada, and an equally good excuse for not having set up his present claims before the judgment was entered. He does not attempt to do any of these things upon the present motion. I agree, indeed, that he could not have tried out in this state his claim of fraud in the Nevada judgment. The New York cases holding that he could have done so seem to have been decided in oversight of the construction which has been given by the highest court to the Constitution of the United States. Simmons v. Saul, 138 U. S. 439, 458, 459, 11 Sup. Ct. 369, 34 L. Ed. 1054, and cases cited. But, had he set up his present claims promptly, he would doubtless have secured a stay of the proceedings in this action sufficient to permit his application in Nevada to be heard. Whether at this late date he can have the judgment of this court reopened, and, if so, upon what terms, it is not necessary here to consider, for this is a motion to vacate as of right, not to open as a favor, the information as to the nature of his contention upon the merits and of his excuse for defaulting in Nevada coming from plaintiff's answering papers, not directly from him. Nor are the claims of third parties to the ownership of the moneys attached a matter to be decided upon this motion.

Motion denied, with costs.