SAMUEL GYSIN, Appellant, *v.* ANNA GYSIN, Respondent.*

Order affirmed, with ten dollars costs and disbursements. Rhodes, Crapser and Bliss, JJ., concur; Hill, P. J., dissents, with a memorandum.

HILL, P. J. (dissenting). A final judgment of divorce has been vacated and defendant allowed to interpose an answer. The plaintiff appeals from the order. The motion was made more than two years after the filing of the judgment roll. (Civ. Prac. Act, § 528.) The parties were married in 1905. In 1924 defendant consulted an attorney who " drew up a paper which was served upon " her husband, but she being informed by her attorney " that she would have to move away from the home which she had with Samuel Gysin in order to bring the action which she proposed against him. She was unwilling to do this as she considered it her home and, therefore, the matter was dropped." She admits the service of the summons and complaint in the action now under consideration, but says " that she believed a summons should be served by a man in uniform, whereas the summons was handed to her by one Cook who was a man who frequently came to the house for cider." However, she states that she consulted with the chief of police of the city of Gloversville, who advised that no attention be paid to the paper and volunteered the belief that her husband was crazy. Her visit to this officer indicates that she understood the nature of the paper, as does her further statement " that during the period the defendant lived on the premises with the plaintiff subsequent to the securing of the decree of divorce, the defendant did not cohabit with the plaintiff or live with him as his wife." Apparently defendant's interest was awakened when she learned that plaintiff had sold real estate and that it was not necessary that she join in the deed. A final judgment may not be set aside after the two-year limitation provided by section 528 of the Civil Practice Act except for fraud. (*Fuhrmann* v. *Fanroth,* 254 N. Y. 479; *Furman* v. *Furman,* 153 id. 309; *Hunt* v. *Hunt,* 72 id. 217; *Cary* v. *Cary,* 144 App. Div. 846; *Kahn* v. *Kahn,* 126 Misc. 44.) " The plaintiff, to prevail, must prove that there was fraud in the very means by which the judgment was procured * * *, some covinous device, for illustration, whereby she was robbed of the opportunity to uncover her grievance and expose it to the court." (*Fuhrmann* v. *Fanroth, supra,* 482.) " It is not, of course, denied that there may be such fraud upon a tribunal and upon the opposite party in judicial proceedings as will vitiate a judgment obtained thereby. * * * But the fraud in such case is made up of the same constituents as is fraud in any other case, and the same state of facts must appear which is required in other cases. There must be fraudulent allegations and representations designed and intended to mislead, with knowledge of falsity, and resulting in damaging deception." (*Hunt* v. *Hunt, supra,* 227.) The defendant has shown no fraud. The divorce case was originally tried before the same judge who later granted the order

appealed from. He states in his opinion that upon re-reading the evidence, he finds that "it arouses suspicion * * *. It may be that defendant has a meritorious defense." This does not justify setting aside a judgment over three years old. I favor a reversal of the order.