Walter R. Hart, J.
Defendant husband in May, 1953 brought an action for absolute divorce against plaintiff. The action was undefended and upon the hearing of the inquest before the Official Eeferee, counsel for the husband was directed to subpoena the wife. Accompanied by her attorney she appeared before the Official Eeferee on June 29, 1953, admitted she was served with process and advised the Eeferee that she did not desire to contest the action. On July 21, 1953 an interlocutory judgment of divorce was entered in favor of defendant husband which by its terms became final as of course three months later, viz., October 20, 1953.
The instant action was brought by the wife to vacate the judgment of divorce, and for a judgment of separation in her favor together with alimony and counsel fees. The complaint herein, insofar as it seeks judgment vacating the prior judgment, alleges (1) “ that in or about May of 1953 after many acts of cruelty and physical bodily harm when the defendant stated that unless she consented to a divorce he would beat her to a pulp and cause her to suffer a heart attack, this plaintiff consented and said she would sign anything he wanted and do anything he wanted. Subsequently this defendant commenced an action for divorce against the plaintiff. There was no foundation in fact for any of the allegations set forth in that complaint, but plaintiff was in fear of her safety, the safety of the children and in fear of her very life. Consequently, she did nothing to oppose the bringing of the action.” And (2) that subsequent to the commencement of the divorce action the defendant husband returned to live with the plaintiff and was living with her as man and wife at the very time that the divorce proceedings were brought to court, and that he told her that the action had been dropped.
Plaintiff also alleges that she had not committed adultery and that defendant had by cohabitation condoned the “ alleged adultery ’ ’.
After issue was joined in the instant action, plaintiff wife moved in the divorce action to vacate her default upon the grounds (1) that the interlocutory judgment of July 21, 1953 *406 never became final because of the reconciliation of the parties in August and that they lived together as husband and wife until September, 1956; (2) that she did not defend the action because plaintiff told her he would inflict serious bodily harm upon her and the children and would cause her to suffer a heart attack. The motion was referred to an Official Referee to hear and report. After protracted hearings before the Referee, he reported that there had been no cohabitation or condonation before the interlocutory judgment became final and recommended that the motion to vacate the default be denied. The report of the Official Referee was confirmed at Special Term. It is to be observed in passing that the facet of the motion relating to the charge of duress was not developed before the Referee or passed upon by him.
Upon the trial of the present action before this court, by consent of the parties defendant was permitted to amend his answer sai as to plead that the order confirming the Referee’s report and denying the motion to vacate the default was res judicata of the allegations of the complaint. It was further tacitly agreed that the court first dispose of the issues raised by this affirmative defense. The court thereupon held that the order of confirmation of the Referee’s report, which denied the motion to vacate the default, was res judicata because the issues of fact raised by the motion papers were substantially identical with those raised by the pleadings in the instant action. Accordingly judgment was directed for defendant.
Plaintiff presently moves to set aside the decision under section 522 of the Civil Practice Act on the ground of error of law. Upon reflection and further study, the court concludes that plaintiff’s position is legally correct; and that the order denying the motion to vacate the default is not a bar to the maintenance of the instant action, particularly insofar as it relates to the charge that the defendant prevented plaintiff from defending the divorce action.
A judgment procured by fraud “ extrinsic ” to the issues of the action may be attacked by a suit in equity (Freeman on Judgments [5th ed.], §§ 1231,1233) which quotes (pp. 2569-2570) Justice Milleb in United States v. Throckmorton (98 U. S. 61):
“Where the unsuccessful party has been prevented from exhibiting fully his case, by fraud or deception practiced on him by his opponent * * * these * * * are reasons for which a new suit may be sustained to set aside and annul the former judgment or decree and open the case for a new and fair hearing.”
*407 ‘ ‘ Duress is a species of fraud and if it prevents a party from making effective defense, is ground for relief [in equity] ” (Freeman on Judgments [5th ed.], § 1239). The rule is succinctly stated in the Restatement of the Law of Judgments (§ 121): “equitable relief from a valid judgment will be granted to a party to the action injured thereby if the judgment was based upon a fraudulent claim or defense which he did not contest because he was * * * (b) prevented by duress from contesting it.”
Thus it would appear that if plaintiff can establish at a trial that she refrained from defending the divorce action because of a well-founded fear of bodily harm induced by defendant’s threats, equity will afford her relief.
The circumstances that the issue could have been determined on the motion to open the default is no bar to the maintenance of the instant action. It is to be observed at the outset that even though the issue could have been litigated before the Official Referee, the matter was not presented to him nor passed upon. Accordingly the order confirming his report under no circumstances could be res judicata as to that issue. While a judgment on the issues in an action is determinative of all issues which might have been litigated, this rule does not apply to orders on a motion. Authority for this conclusion may be found in Riggs v. Pursell (74 N. Y. 370, 378-379): “In Dwight v. St. John in view of the provisions of the Code giving the right of appeal from orders, a limited effect was given to them as adjudications, binding in case of a subsequent controversy, and it was there held that in the case of an order affecting a substantial right, and appealable, where a full hearing had been had before a referee on a controverted question of fact, the decision of a point actually litigated before the referee and upon the motion was an adjudication binding upon the parties and conclusive to that extent. An examination of the case shows that the effect of an order as an adjudication was thus expressly limited, and that it was not held in that case that the order was conclusive as to a fact which might have been litigated, but only as to one which actually had been litigated and on which there had been a full hearing.”
Moreover, there is ample authority in this State which holds that an order denying a motion to vacate a judgment entered on default can never be res judicata of the issues of an action to vacate that judgment for fraud. This rule is manifest from a reading of the case of Everett v. Everett (180 N. Y. 452). There the plaintiff wife moved to open a judgment of annulment *408 entered on her default, claiming that the default was induced by her husband’s fraud. The matter was referred to a Referee who took testimony and recommended that the default be opened. The report was confirmed by an order at Special Term but was reversed by the Appellate Division. She thereafter brought an action in Massachusetts against her husband wherein she asserted the fraud. The issues in that action was decided adversely to her. Subsequently she brought suit in equity to vacate the judgment for her husband’s fraud. Though it was held that the action in Massachusetts was res judicata, the Court of Appeals in judicial dictum said (p. 461): “ The decision of the motion made upon the plaintiff’s application to open the former judgment and to be permitted to defend we think stands upon a different ground. At the time that motion was made there was no issue in the action to be tried, since the defendant therein had made default and the only purpose of the motion was to open that default and to give her an opportunity to make an issue in the case by the service of an answer. Although that motion was in the end decided against her after a full hearing upon the facts, both with respect to the merits of her defense and to the question of fraud which she claimed had been practiced upon her by the husband in order to induce her to refrain from serving an answer, yet we think that was not such a final decision as would operate as an absolute bar to the present action. * * * A motion to open a default for any reason is generally addressed to the discretion of the court, and is in its nature interlocutory. Such a motion can never result in a decision of the issues involved in the controversy, since it is always predicated upon the fact that the defaulting party has lost the opportunity to present the issue to the court, and the question always is whether the party applying should he permitted to plead.” (Emphasis supplied.)
The above doctrine was echoed in Bannon v. Bannon (270 N. Y. 484, 491) and repeated in Perkins v. Guaranty Trust Co. (274 N. Y. 250, 267) where the court stated: “ It is clear from the certified record of the proceedings in the Philippine courts upon both motions that the granting of plaintiff’s motion to punish his wife for contempt rested solely upon the technical but erroneous ground that an appeal from the judgment of August 4, 1930, was available which was not taken and that the denial of the wife’s motion to vacate that judgment under section 113 of the Philippine Code of Civil Procedure was solely on the ground of laches and in the exercise of discretion. Under such circumstances, the courts of New York are not concluded by the *409 decisions of the Philippine courts (Everett v. Everett, 180 N. Y. 452; Bannon v. Bannon, 270 N. Y. 484, 491) for the purpose of the motion was to open the default and allow her to plead upon and litigate the merits. Neither decision was a bar to an action in equity in the Philippine Islands to set aside the decree for fraud (Melgar & Noel v. Delgado & Alquizola, 54 Phil. 668; Anuran v. Aquino & Ortiz, supra), nor does it bar such an action in the courts of New York State or estop Mrs. Perkins from questioning the validity of the judgment of August 4, 1930, on the merits on any ground available. (Hunt v. Hunt, 72 N. Y. 217, 225; Foote v. Lathrop, 41 N. Y. 358; Everett v. Everett, supra.) ”
The aspect of the- complaint dealing with the issue of defendant’s cohabitation with plaintiff subsequent to the entry of the interlocutory judgment and prior to the time it became final appears to stand on a different footing since it would seem that this does not relate to a judgment entered on default. In other words, the ‘ ‘ extrinsic fraud ’ ’ must relate to the management of the lawsuit in the defense or prosecution thereof. It would therefore appear that plaintiff’s sole remedy with respect thereto was by motion in the action resulting in the judgment (cf. Cary v. Cary, 144 App. Div. 846; Kahn v. Kahn, 126 Misc. 44; Gysin v. Gysin, 239 App. Div. 855; Burgher v. Burgher, 184 Misc. 682). In any event, since plaintiff had an adequate remedy, it would seem that a resort to equity for relief insofar as it relates to this aspect of the issues is unavailable. However, this issue must be determined by the trial court. While the court is doubtful of the merits of the plaintiff’s case insofar as it claims duress, because of the fact that she was represented by counsel at the time of the taking of the inquest, and in view of her sworn statement in her complaint that she was living with her husband at the time the action was instituted in May, 1953, which was contradicted upon the hearing before the Referee wherein she testified that they were separated at the time but claimed that they resumed cohabitation in August of 1953, the court may not summarily dispose of the issue.
Accordingly, the motion for a new trial is granted. The case is restored to the day calendar of June 9, 1958 for trial on that day, subject to the approval of the Justice presiding.
Settle order on notice.