THE STEUBEN COUNTY BANK, Respondent, *v.* JOHN J. ALBERGER et al., LOUISA F. ALBERGER, Appellant.

The rule prohibiting the splitting up a single demand and bringing separate actions at law, has no application to proceedings to vacate an attachment.

So, also, the doctrine that a motion once denied cannot be renewed as a matter of right and without leave of the court, except upon facts arising subsequent to the decision, does not apply to a case where the party proceeds in the second motion upon a distinct property interest and right from that involved in the first motion.

The facts, therefore, that a party has made a prior motion to vacate an attachment upon the ground that it is an obstruction to the enforcement of a judgment and execution, and was defeated thereon, does not preclude a second motion to vacate the attachment as far as it affects real estate, on the ground that it is a cloud upon an alleged title thereto of the

moving party; and this although the party might have proceeded on the first motion upon this ground also.

(Argued December 14, 1880; decided December 21, 1880.)

APPEAL from an order of the General Term of the Supreme Court in the fourth judicial department, made May 1, 1880, affirming an order of Special Term which denied a motion on behalf of Louisa F. Alberger to vacate an attachment issued in this action, and all subsequent proceedings thereunder; as to certain real estate levied upon by virtue thereof, to which real estate the moving party claimed title under a deed from defendant, Samuel F. Alberger, subsequent to the levy of the attachment. The motion was made upon the ground of the insufficiency of the affidavits upon which the writ was granted. It was opposed upon affidavits showing that a prior motion had been made by the same moving party upon the same ground to vacate the same attachment so far as it affected the private property of said defendant, Samuel F. Alberger; that upon the first motion the moving party claimed a lien upon the real and personal property of said defendant, under and by virtue of a judgment against him, and an execution issued thereon; that the first motion was denied upon the ground that the judgment was invalid, and so that the moving party was not a lienor, and that no leave had been given to renew the motion.

The further material facts appear in the opinion.

*A. G. Rice* for appellant. No affidavits could be used to support the original affidavits. (75 N. Y. 179.) The common-law rule of practice that a motion once denied on the merits cannot be renewed without leave of the court does not apply to a case where a second motion has been granted as to a distinct subject-matter. (*Davies* v. *Cottle*, 3 Term, 405.) A new motion is a matter of right when based upon facts arising after the first motion. (*People ex rel. Barry* v. *Mercein*, 3 Hill. 399.)

*Geo. B. Bradley* for respondent. The order is not appealable because it was discretionary and does not affect a substantial right within the meaning of the Code. (*Mianney* v. *Blogg*, 41 N. Y. 521; *Selden* v. *Del. & Hud. C. Co.*, 29 id. 634; *Matter of Reeve*, 34 id. 359; *Lanton* v. *Groh*, 8 Abb. Pr. [N. S.] 385; *King* v. *Merchants' Exchange Co.*, 5 N. Y. 547; *Hoe* v. *Sanborn*, 36 id. 93; *Fort* v. *Bard*, 1 id. 43; id. 426; id. 125; *Thomas* v. *Fleury*, 26 id. 26; *Carpenter* v. *Haynes*, 1 Cod. [N. S.] 414; *German Am. Bk.* v. *Morris Run Coal Co.*, 74 N. Y. 60; *People* v. *N. Y. C. R. R. Co.*, 29 id. 418; *Martin* v. *Windsor Hotel Co.*, 53 How. 422; *Howell* v. *Mills*, 53 N. Y. 322; *Hasbrouck* v. *Kingston Board of Health*, 3 Keyes, 483; 14 Hun, 380.) The former motion to vacate this attachment was for the same relief asked upon this motion, and is a bar to this motion. (§ 686 of the new Code.) Such a motion cannot be made without leave of the court, and the decision of the Special Term in December, 1877, denying leave to renew the motion, is a bar. (*Shultze* v. *Rodwald*, 1 Abb. [N. C.] 365; *Bascom* v. *Fealger*, 2 How. 16; *Ray* v. *Connor*, 3 Edw. Ch. 499.) A motion once denied cannot be renewed as a matter of right, except upon a different state of facts arising subsequent to the decision of the former motion. (*Bank of Havana* v. *Moore*, 5 Hun, 624; *Belmont* v. *Erie R. R. Co.*, 52 Barb. 637; *Mills* v. *Roaewald*, 13 Hun, 439; *Smith* v. *Spaulding*, 3 Robt. 615; *Ramsey* v. *Erie R. R. Co.*, 57 Barb. 450; *Ray* v. *Connor*, 3 Edw. Ch. 478; *Willet* v. *Faqueweather*, 1 Barb. 72; *Pattison* v. *Brown*, 12 Abb. 142; *Desmond* v. *Wolf*, 6 N. Y. [Leg. Ab.] 389; *Sehlaman* v. *Myerstein*, 19 How. 412.) At the time of the motion Mrs. Alberger had no interest in the attached property, and was not entitled to make the motion. (*Hill* v. *Draper*, 10 Barb. 454; *Blunt* v. *Aiken*, 15 Wend. 522; *Brown* v. *Bowen*, 30 N. Y. 512.) The original affidavits together with the affidavits of Mrs. Alberger and Mr. Rice, in the moving papers are sufficient to sustain the attachment, and plaintiff may use the facts stated in the moving papers to sustain the attachment and defeat the motion. (*Peel* v. *Elliott*, 16 How.

481; *Matter of Bliss*, 7 Hill, 187; *Noble* v. *Halliday*, 1 Comst. 330-336; *Matter of Fitch*, 2 Wend. 298; *Morgan* v. *Avery*, 7 Barb. 656; *Matter of Haynes*, 18 Wend. 614; *Smith* v. *Frank*, 2 Robt. 628; *Wolf* v. *Brower*, 5 id. 602-4; *Thompson* v. *Erie R. R. Co.*, 9 Abb. [N. S.] 212, 227; *Livermore* v. *Rhodes*, 27 How. 507; 14 Hun, 380; *Whitaker* v. *Imp. Skirt Co.*, 78 N. Y. 621.) The affidavits may be used to sustain any ground for the attachment recited in the warrant. (New Code, § 683; *Morgan* v. *Avery*, 7 Barb. 656; *Matter of Griswold*, 13 id. 412; 78 N. Y. 621.)

ANDREWS, J. When this motion was noticed for the Special Term, the first motion, founded upon the judgment and execution, in favor of Louisa F. Alberger had been denied by the Special Term on the ground that the judgment, by reason of the failure of the clerk to enter it in the judgment book and other omissions, was not a valid judgment, and that she acquired no lien thereunder on the property of Samuel F. Alberger.

The present motion was not founded upon her right as lienor to move to vacate the attachment, but upon her right as grantee of Samuel F. Alberger, under the deed of December 3, 1877. The second motion was not, therefore, in the nature of an application to review the question decided on the first motion and the decision on that motion, that she acquired no lien under her judgment and execution was in no way inconsistent with a new motion founded upon her ownership of the land attached. The fact that she might on the first motion have proceeded on this ground also, did not preclude her from resorting to an independent motion to vacate, after the first motion was denied. The rule, which forbids the splitting up of a single demand and bringing separate actions at law thereon, has no application to a proceeding of this character. The grounds of intervention by the two motions were entirely distinct. In both motions she sought to vacate the attachment; but in the first she sought to remove it as an obstruction in the way of the enforcement of her judgment and execution,

and in the second as a cloud upon her title under the deed. The first motion related both to real and personal property, and the second to real property alone. Under her deed she acquired no right or title to the personal property levied on under the execution.

The doctrine that a motion once denied cannot be renewed as a matter of right and without leave of the court, except upon facts arising subsequent to the decision of the former motion, cannot apply to a case where the party proceeds in the second motion upon a distinct property interest and right from that involved in the first motion. We are, therefore, of opinion that the denial of this motion by the Special Term, on the ground that as no leave to renew the motion having been given the decision of the former motion was a bar to the second motion, was erroneous. Moreover the doctrine of *res adjudicata* does not apply with the same strictness to decisions on motions as to judgments.

The General Term affirmed the decision of the Special Term on the first motion, and this court on appeal granted the motion, and afterward on the application of the plaintiff limited its order of reversal so as to vacate the attachment as to Louisa F. Alberger, so far only as it affected her rights under her judgment and execution against the individual property of Samuel F. Alberger. It is claimed that this order, by implication, affirms the attachment as to all rights existing in Mrs. Alberger when the attachment was issued, except those derived under her judgment and execution. The only question before this court on that motion was whether the attachment was valid as against her judgment and execution, and the court decided it was not. There could have been no intention to affirm the validity of the attachment as against any other title which she may have had, as it was vacated for inherent and jurisdictional defects in the attachment proceedings. But it is sufficient to say that when the second motion was noticed the first motion stood denied, with the denial affirmed by the General Term, and Mrs. Alberger had the right to institute a new motion founded upon a different right, which did not

involve a review of the decision of the Special Term on the first motion.

The last decision of this court on the first motion disposed of the question as to the sufficiency of the affidavits upon which the attachment was issued adversely to the plaintiff.

We think the order of the General and Special Terms should be reversed, and an order entered vacating the attachment as against the land embraced in Mrs. Alberger's deed.

The plaintiff can contest in an action the alleged fraud in that conveyance.

All concur, except EARL, J., dissenting.

Order reversed, ordered accordingly.