YETTE THALHEIMER, APPELLANT, *v.* FERDINAND HAYS AND JACOB THALHEIMER, DEFENDANTS.

SUSELIA HAYS, JUDGMENT CREDITOR, RESPONDENT.

SALIE FRANKEL, APPELLANT, *v.* THE SAME.

SUSELIA HAYS, JUDGMENT CREDITOR, RESPONDENT.

*Practice — motion to vacate an attachment — when it may be made after the denial of a previous motion therefor — Code of Civil Procedure, sec.* 683.

Under the provisions of section 683 of the Code of Civil Procedure an interested party may, as a matter of right, move to dismiss an attachment granted upon the ground that the defendants had disposed of their property with an intent to defraud their creditors, upon affidavits disproving or explaining the case made by the plaintiffs, although a motion to vacate the attachment, founded upon the papers used by the plaintiff in procuring it, has already been made and denied.

APPEALS from orders made at the Monroe Special Term vacating, upon the merits, the warrants of attachment granted in the above-entitled actions.

In each of these actions the plaintiffs, on the 7th day of July, 1884, procured an attachment against the property of the defendants, on the ground that they had disposed of and secreted, and were about to dispose of and secrete their property, with an intent to defraud their creditors. On the 8th of July, 1884, Suselia Hays, wife of the defendant Hays, procured and docketed a judgment against the defendants for the sum of $13,000, and issued execution thereon and placed the same in the hands of the sheriff. On the day following she procured an order requiring each of the plaintiffs to show cause, at a Special Term, on the eleventh of July, why the said attachments should not be vacated, for the reason that the affidavits upon which the attachments were granted were insufficient. The motions were finally heard in December, and in January, 1885, and were denied, with costs.

On the 11th day of December, 1884, Suselia Hays made another motion in each case, to set aside and vacate the said attachments based upon affidavits disproving the facts upon which the granting of the attachments were based, which motions came on to be heard on the 19th of December, 1884, at the Special Term. The hearing of these motions was postponed, from time to time, and they were finally heard and disposed of on the 26th of February, 1886, orders being then made vacating both of said attachments. From the last named orders the plaintiffs have appealed.

*J. & Q. Van Voorhis,* for the plaintiffs, appellants.

*J. B. Perkins,* for Suselia Hays, judgment creditor, respondent.

BARKER, J.:

The appellants contend that by making the first motion, and the final determination thereof after the making of the second motion, superseded the motion last made and was, in effect, a rehearing of the same question, and for those reasons was irregular and erroneous, and should have been denied upon that ground. The intervening creditor, Suselia Hays, contends that each motion was made upon separate and distinct grounds, and could be separately made and

prosecuted at the same time, with strict regularity. Her position is, that the first motion was founded upon the affidavits upon which the attachments were granted, and she sought to vacate the same for the reason that the affidavits were insufficient in matter of substance and the officer acquired no jurisdiction over the subject-matter ; that the second motion was based upon affidavits disproving the ground upon which the attachment was issued, and that the same were properly vacated upon the proofs refuting the case made by the plaintiffs.

If these positions are supported by the history of the case, as the same appears in the record, then the denial of the first motion did not supersede the second motion and the same remained in court to be disposed of upon the merits. The lien of the intervening creditor attached to the property after the attachments were issued, and upon sufficient grounds she could apply to vacate the attachments. (Code Civil Pro., § 682 )

Under section 683 the motion to vacate may be founded upon the application and proofs upon which the warrant was granted, and can be made to the court or to the judge who granted the same, without notice ; or the motion can be made upon the proof by affidavit on the part of the lienor, in which case it must be upon notice, and could have been made to the court or to the judge who granted the warrant, and, in that case, the motion may be opposed by new proof by affidavit on the part of the plaintiff, tending to sustain any of the grounds upon which the attachment was granted, as recited in the warrant. One motion is summary in its character and is based upon the insufficiency of proofs, and no notice is required to be given of the application on the supposition that the same was granted improvidently by the officer. The other is in the nature of a trial, where the parties produce proofs on each side of the question in dispute, and the opposing party is entitled to be heard upon notice, and the questions involved may be entirely distinct from those which can be investigated in the *ex parte* application.

We are of the opinion that, under the provisions of section 683, an interested party may, as a matter of right, move to dismiss the attachment upon the merits, founded upon affidavits disproving or explaining the case, made by the plaintiffs, although a motion to vacate has been denied, founded upon the plaintiffs' affidavits

used in procuring the attachment; they are essentially different proceedings. To give the section a contrary construction would greatly embarrass defendants and lienors in attachment proceedings, for they might hesitate to make a summary application unless the plaintiff's case was defective beyond all doubt, as they would, if defeated, bar themselves of all right to proceed upon their own proofs and in a more deliberate manner. These views are supported by the suggestions made in *Steuben County Bank* v. *Alberger* (75 N. Y., 179, and, also, 83 N. Y., 274), in a case between the same parties. The doctrine of *res adjudicata* does not apply with the same strictness to decisions in interlocutory motions as it does to judgments. Courts, to prevent vexatious and repeated applications on the same point, have rules which preclude the agitation of the same question on the same state of facts. (*Belmont* v. *The Erie Railway Co.*, 52 Barb., 637; *Ramsey* v. *The Erie Railway Co.*, 57 id., 450; *Smith* v. *Spalding*, 3 Rob., 615.)

From the papers contained in the appeal-book we are unable to say that the first motion made was founded upon proofs made by the moving party, and there are some reasons for holding that it was based only, so far as the facts are concerned, upon the plaintiffs' affidavits. The order appealed from does not recite that the point was made on the final hearing that the previous motion had been denied, although it does state some other objections were made by the appellants, which were overruled. Upon the final hearing the appellant also presented many objections, in writing, to the granting of the motion, but the one we are now considering was not made, although the fact that the former motion had been denied by another Special Term was brought to the attention of the court. The question is, after all, nothing more than one of irregularity in procedure, and the court is governed entirely by its own rules whether the same matter shall be reheard or not.

Upon the merits, we concur with the Special Term in setting aside the attachments, as the proofs upon the question of the fraud of the defendants, in disposing of their property, is substantially the same as they were in the case of Ignatz Thalheimer against these defendants, where we sustained an order of the Special Term, made by the same learned judge who granted the orders now before us, setting aside an attachment granted in that action.

On the hearing of this appeal the original record was handed up with the printed papers, and by it it appears that the point is not well made, that the motion was not founded upon original papers, except as to the objection to the affidavit of Abe Strauss, which the respondent admits is only a copy of an original affidavit which had been previously used on a similar motion in a case where the said Ignatz Thalheimer was the plaintiff. This affidavit was incompetent, and should have been excluded on the plaintiff's objection. But it appears, upon reading the other affidavits, that the facts stated in this paper were substantially stated by the other witnesses, and we are of the opinion that the moving party fairly made out a case for vacating the attachments, independently of Strauss's affidavit, and that the order should not be reversed for the error in permitting the copied affidavit to be read.

Several affidavits, taken in the State of Indiana, were read by the moving parties, over the appellant's objection that they were not properly certified as required by section 844 of the Code. To the original papers there is attached a certificate by the proper officer, in full compliance with section 844. The same purports to be made upon the 27th day of February, 1886, one day after the orders were entered granting the motion. The original certificates were taken from the files, and on the argument of this appeal were exhibited to the court for its inspection, for the purpose of meeting the objection, and at that time the appellant made no claim that the certificates had been improperly made part of the record. We may, therefore, properly assume that they were so attached with the consent of the parties, or by an order of the court. We have examined each of the other points made upon the argument, or as found in the appellant's printed brief, and we fail to discover any such error or irregularity as should lead to the reversal of the judgments.

The orders appealed from are affirmed, with costs and disbursements in one of the cases.

HAIGHT and BRADLEY, JJ., concurred; SMITH, P. J., not sitting.

Order in each case affirmed, with ten dollars costs and disbursements in one case.