EVELYN BANNON, Appellant, *v.* JOSEPH D. BANNON, Respondent.

First Department, November 15, 1935.

*Abraham L. Bienstock* of counsel [*Sidney O. Friedman* with him on the brief; *Max D. Steuer,* attorney], for the appellant.

*Louis D. Frohlich* of counsel [*Nathan Burkan,* attorney], for the respondent.

TOWNLEY, J. This action was commenced by a wife against her husband for a separation and alimony. A motion was made for alimony *pendente lite.* The defendant opposed the motion upon the ground that, while the parties went through a marriage ceremony on June 10, 1931, there was not a lawful marriage between the parties for the reason that the plaintiff then had and still has a husband living, and was not competent to contract a valid marriage with the defendant.

The court declined to dispose of the matter summarily upon affidavits and referred it to a referee " to take testimony and report with all convenient speed on the question whether a relationship of husband and wife exists between the parties hereto, and upon the question of the financial ability of defendant."

Decision on the motion was held in abeyance pending the return of the report of the referee.

There was thus tendered the issue of the existence of the relationship of husband and wife. Plaintiff did not have to proceed with the reference as directed but might have awaited a trial of the action. She elected, however, to have this question determined on the motion.

Pursuant to the order, proceedings were had before the referee. Hearings commenced on February 18, 1932, and continued until May 4, 1932. The record of the testimony before the referee consists of 567 pages. Seventeen witnesses were examined and many exhibits were received in evidence. The witnesses subscribed their testimony before the referee and briefs were submitted by counsel. The referee reviewed all of the facts and the law in an exhaustive opinion and reported that " no marital relation exists between the plaintiff and defendant." Thereafter an application was made to confirm the referee's report, and the motion was granted. No appeal was taken from the order.

Thereupon the defendant in an amended supplemental answer set up as a defense that the order of the court was a final adjudication between the parties on the question of the non-existence of a marital relationship. Plaintiff moved to have the defense stricken out as insufficient in law. The motion was denied, and this appeal is taken from that order.

It is our opinion that the defense is sufficient under well-settled authorities. In *Williams* v. *Barkley* (165 N. Y. 48), Judge VANN wrote: " A former adjudication is binding upon parties and their privies and prevents them from litigating over again such matters as were previously at issue between them and were finally decided by a competent court. If the record of the former proceeding, although made upon a motion, but after an investigation through witnesses examined and cross-examined, shows that the decision could not have been made without deciding the particular matter now in controversy, the latter must be regarded as settled by the previous action of the court, for to litigate the fact anew would impeach the first decision. (*Dwight* v. *St. John*, 25 N. Y. 203; *Demarest* v. *Darg*, 32 N. Y. 281; *Brown* v. *Mayor, etc.*, 66 N. Y. 385; *Smith* v. *Zalinski*, 94 N. Y. 519; *Culross* v. *Gibbons*, 130 N. Y. 447; Wells Res Adjudicata, § 2; Freeman on Judgments, § 325.)" Likewise in *Matter of Barkley* (42 App. Div. 597) it was said: " Again, in case a controversy arises involving questions of law and fact, or both, which the Supreme Court has jurisdiction to hear and determine upon a motion or in a special proceeding, as well as in an action, and the matter is determined upon the merits,

upon a motion or special proceeding, after hearing all the contestants, and an order is entered which may be reviewed on appeal, such an order is as final and conclusive on the litigants and their privies as though the same question had been determined in an action." In *Dwight* v. *St. John* (25 N. Y. 203) we find the following statement: " Since then a full hearing, with the right of appeal, was open to the defendant on that motion, how is he to avoid the binding effect of that decision, so far as it covers what was actually and necessarily tried on that reference? "

We think that these principles are particularly applicable to this case. The primary question to be determined in the action was whether the plaintiff was the wife of the defendant. The referee was not instructed to report as to the probability of plaintiff's success in the action. He was given a specific question to be determined, namely, whether or not a marital relation existed between the parties. As stated above, a full hearing was had and all available witnesses were examined. The reference was complete in all details. The referee reported that the parties were not legally married and the court confirmed his finding. Plaintiff is now bound by that finding since the issue of the validity of the marriage was the particular matter in dispute. " To litigate the fact anew would impeach the first decision." (*Williams* v. *Barkley, supra.*)

For these reasons we believe that the order at Special Term denying the plaintiff's motion to strike out the defense was correct and should be affirmed.

MERRELL and GLENNON, JJ., concur; UNTERMYER, J., dissents and votes to reverse and grant the motion.

UNTERMYER, J. (dissenting). The action is for separation by the wife against her husband and for suitable support. By his answer the defendant denies the existence of the marriage and alleges that the plaintiff had a husband living at the time of her alleged marriage to the defendant.

The question presented now is the sufficiency of the second defense contained in the defendant's amended supplemental answer. That defense alleges that in this action the plaintiff had made a motion for alimony *pendente lite* in which one of the issues tendered was the validity of the marriage of the parties, upon which, of course, would depend the plaintiff's right to alimony. The court referred that issue to a referee to take testimony and to report. The referee conducted hearings, in which witnesses for both parties were examined and cross-examined and in which exhibits were received in evidence. He found, and so reported to the court, " that no marital relation exists between the plaintiff and defend-

ant." The report was confirmed by the court, resulting in the denial of the plaintiff's motion for temporary alimony by an order duly entered to that effect, from which no appeal was taken by the plaintiff. The defendant accordingly alleges, and the court at Special Term has held, that the order entered on the plaintiff's motion for temporary alimony constitutes a determination that the parties are not married, which is *res adjudicata* herein.

I am unable to concur in this conclusion, which gives final and irrevocable effect to a proceeding which is merely tentative and provisional. In my opinion the doctrine of *res adjudicata* applies only to judgments and to final orders. Such were the orders under consideration in all the decisions on which the respondent relies. (*Williams* v. *Barkley*, 165 N. Y. 48; *Dwight* v. *St. John*, 25 id. 203; *Matter of Whaley* v. *Perkins*, 231 App. Div. 502.) The doctrine does not extend to orders which are interlocutory or incidental, the purpose of which is to regulate the rights of the parties pending a full determination of those rights by final judgment. (*Brinkley* v. *Brinkley*, 50 N. Y. 184, 202; *Webb* v. *Buckelew*, 82 id. 555; 34 C. J. 763.) Otherwise the decision on an application for a provisional remedy might control the final judgment and the rights of the parties for all future time. It is not decisive that the provisional remedy is granted or refused after a hearing in which witnesses are called to testify rather than upon affidavits. A summary judgment is conclusive upon the parties even though granted upon affidavits, but an order refusing an attachment, or a temporary injunction, upon the ground that a cause of action does not exist, would not be so even though witnesses had testified. What is decisive is the nature of the proceeding and whether its purpose is to adjudicate the issues with finality. (*Everett* v. *Everett*, 180 N. Y. 452; *Howell* v. *Mills*, 53 id. 322, per ALLEN, J., p. 334; *Easton* v. *Pickersgill*, 75 id. 599; Freeman Judgments [5th ed.], § 717 *et seq.*) Compare also rule 107, subdivision 5, which is limited to a " final judgment or decree." Moreover, the report of the referee in such cases, though made after testimony has been taken, is advisory merely and may be disregarded by the court.

Here the aim of the proceeding was merely to determine whether the plaintiff should be awarded alimony pending a final decision of her rights by the judgment eventually to be entered in the action. The reference and the order were for that purpose only. Yet the decision on that motion is now held to be *res adjudicata* of the final judgment. The order which was to remain effective only until the entry of final judgment is made to determine conclusively what that judgment shall be. This result is destructive of substantial rights. For instance, the contested issue of marriage

could not, except by consent of both parties, have been referred for final determination to a referee. The right of appeal from an order denying a motion for temporary alimony also is more restricted than would be the right of appeal from a final judgment. The effect, however, of the decision in this case is that both the result of the litigation and the opportunity to appeal are made to depend upon a reference ordered in connection with the determination of a motion for temporary alimony to which neither party might have been willing to consent.

The order should be reversed, and the motion granted.

Order denying plaintiff's cross-motion to strike out the second defense in the amended supplemental answer affirmed.