EVELYN BANNON, Appellant, *v.* JOSEPH D. BANNON, Respondent.

(Argued March 3, 1936; decided April 14, 1936.)

*Abraham L. Bienstock, Sidney O. Friedman* and *Max D. Steuer* for appellant. An order interlocutory in nature does not have the force and effect of a final adjudication

between the parties. (*Conrad* v. *Conrad*, 123 App. Div. 384; *Dye* v. *Dye*, 140 App. Div. 309; *Werner* v. *Werner*, 204 App. Div. 791; *Cassese* v. *Cassese*, 223 App. Div. 843; *Brinkley* v. *Brinkley*, 50 N. Y. 184; *Collins* v. *Collins*, 71 N. Y. 269; *Vincent* v. *Vincent*, 16 Daly, 534; *Woodward* v. *Musgrave*, 14 App. Div. 291; *Marshall* v. *Meech*, 51 N. Y. 140; *Herforth* v. *Herforth*, 2 Abb. Pr. [N. S.] 483; *Ward* v. *Ward*, 29 Abb. [N. C.] 256; *Tarnower* v. *Tarnower*, 224 App. Div. 13; *Everett* v. *Everett*, 180 N. Y. 452.) The finding that no marital relation exists between plaintiff and defendant was unessential to the determination of the motion and, therefore, such a finding cannot be *res adjudicata*. (*Donahue* v. *New York Life Ins. Co.*, 259 N. Y. 98; *Matter of Wickwire Spencer Steel Co.*, 12 Fed. Supp. 528; *People ex rel. McCanliss* v. *McCanliss*, 255 N. Y. 456.)

*Louis D. Frohlich, Herman Finkelstein* and *Nathan Burkan* for respondent. The report of the referee, as confirmed by the order of the court below, was a final adjudication between the parties hereto on the question of the existence of a marital relationship, and is *res adjudicata*. (*Matter of Barkley*, 42 App. Div. 597; *Williams* v. *Barkley*, 165 N. Y. 48; *Dwight* v. *St. John*, 25 N. Y. 203; *Matter of Whaley* v. *Perkins*, 231 App. Div. 502; *N. Y. & N. J. Tel. Co.* v. *Metropolitan Tel. Co.*, 81 Hun, 453; *Demarest* v. *Darg*, 32 N. Y. 281; *Culross* v. *Gibbons*, 130 N. Y. 447; *Brown* v. *Mayor*, 66 N. Y. 385; *Smith* v. *Zalinski*, 94 N. Y. 519; *Fischer* v. *Fischer*, 254 N. Y. 463; *Baldwin* v. *Iowa State Traveling Men's Assn.*, 283 U. S. 522.)

LEHMAN, J. The plaintiff, alleging in her complaint that " the plaintiff and the defendant were married on the 10th day of June, 1931, at Jersey City, New Jersey," brought this action for separation from the defendant. The defendant challenges the competency of the plaintiff to enter into that marriage on the ground that the plain-

tiff then had and still has a husband living and that a decree of divorce which the plaintiff obtained in the State of Florida against her earlier husband is void and of no legal effect.

The plaintiff applied to the court for alimony *pendente lite*. The court appointed a referee to take testimony and report " on the question whether a relationship of husband and wife exists between the parties hereto, and upon the question of the financial ability of defendant." The referee held hearings and examined many witnesses. Then he filed a report in which he stated among other things that " public policy of the State of New York as adjudicated by our courts, requires a finding that no jurisdiction of the defendant was ever acquired by the Florida court. (*Fischer* v. *Fischer,* 254 N. Y. 463.) It follows that no marital relation exists between the plaintiff and defendant." Upon motion of the defendant the report of the referee was confirmed and the plaintiff's motion for alimony denied.

Then the defendant served a supplemental answer to the complaint in which, as a separate and complete defense to the cause of action alleged in the complaint, he alleges these facts and " that the issue between the parties herein as to whether or not they are husband and wife, has been determined adversely to the plaintiff, and that the report of said referee and the confirmation thereof, are a final determination of that issue and are *res adjudicata* herein." An order denying the plaintiff's motion to strike out the defense " as insufficient in law on the face thereof " has been affirmed by the Appellate Division. In granting leave to appeal, the Appellate Division has certified the question: " Is the second separate and complete defense in the amended supplemental answer sufficient in law upon the face thereof?"

A wife is entitled to support from her husband and to an allowance for reasonable counsel fee, if an action is necessary to enforce her marital rights. A husband

cannot by denial of the existence of the marital relation relieve himself even temporarily of its obligations. On the other hand, a woman cannot compel a man to support her even temporarily by mere assertion that a marriage exists. The existence of the marriage relation is an essential element in a cause of action for separation or divorce and for alimony. It must be alleged in the complaint and proven at the trial, and where such allegation is challenged, final decision upon such issue must await a final judgment on the merits. In order that a wife should not be left without means of support during the pendency of the action the court has, nevertheless, power to grant temporary alimony pending final decision, where the application is supported by substantial proof of the existence of the marriage relation. " For the purposes of an application for temporary alimony there will not need that the fact of marriage be so conclusively established as for the purpose of permanent alimony, or any other ultimate purpose of the action. It is for the interest of society and in aid of public policy that where the married relation has been in fact assumed, it should not easily and capriciously be laid aside; and where it is averred by the putative wife and denied by the alleged husband, if she makes a reasonably plain case of its existence, she should be furnished with means of temporary support and of conducting the suit until the truth or falsehood of her allegations can be ascertained by the proofs formally taken in the case." (*Brinkley* v. *Brinkley*, 50 N. Y. 184, 193; *Collins* v. *Collins*, 71 N. Y. 269; S. C., 80 N. Y. 1.)

The issues in an action can be determined only by a final judgment. Applications for temporary, provisional or incidental relief may present some of the questions which are at issue in the action. Though the court may be compelled to pass upon such questions for the purpose of determining whether the applicant is entitled to the relief asked, yet so far as that relief is confined

to the pendency of the action and must fall with its termination, whether by final judgment on the merits, by voluntary discontinuance or for failure of proof, the decision, upon the motion, of any issue in the action is provisional only as long as the action is not determined. The same tribunal which has rendered the decision may in proper case permit a renewal of the application for temporary or incidental relief, if the application has been denied; it may, in proper case, vacate or modify its decision, granting such relief.

This court has said that it is " only a final judgment upon the merits, which prevents further contest upon the same issue, and becomes evidence in another action between the same parties or their privies. Until final judgment is reached the proceedings are subject to change and modification; are imperfect, and inchoate, and can avail nothing as a bar, or as evidence, until the judgment, with its verity as a record, settles finally and conclusively the questions at issue. An interlocutory order is not such a judgment. It is not a judgment at all." (*Webb* v. *Buckelew*, 82 N. Y. 555, 560. Cf. *Rudd* v. *Cornell*, 171 N. Y. 114; *Brown* v. *Cleveland Trust Co.*, 233 N. Y. 399; 2 Black on The Law of Judgments [2d ed.], § 509.) A decision upon a motion for interlocutory relief should, assuredly, be given no greater effect than a formal interlocutory judgment.

The scope of the words " final judgment," it is true, should not be confined to a final judgment in an action. They may include any judicial decision upon a question of fact or law which is not provisional and subject to change and modification in the future by the same tribunal. Thus a final order in a special proceeding may conclusively determine every question at issue therein. (*Williams* v. *Barkley*, 165 N. Y. 48.) The same result follows, at times, from an order entered upon a motion in an action, at least where the motion is made for relief

which from its nature cannot be provisional or interlocutory. (*Dwight* v. *St. John*, 25 N. Y. 203.) Even so, the rules applicable to judgments as estoppels are, it has often been said, not applicable to " their full extent " or " with the same strictness " to orders made on motions. (*Riggs* v. *Pursell*, 74 N. Y. 370, 378; *Steuben County Bank* v. *Alberger*, 83 N. Y. 274, 278.) The question of whether such rules should be applied to a particular decision is from its nature a question of law and does not rest in the discretion of the court. " The rule of *res adjudicata* applies to all judicial determinations, whether made in actions, or in summary or special proceedings, or by judicial officers in matters properly submitted for their determination." (*Culross* v. *Gibbons*, 130 N. Y. 447, 454.)

The essential element of a conclusive adjudication is finality of the proceedings. A judicial decision can constitute a conclusive adjudication of question of fact or law only when rendered in a proceeding in which a court had jurisdiction to render an irrevocable and final decision upon such question. " The effect of an adjudication * * * must always depend upon the nature of the proceeding." (*Everett* v. *Everett*, 180 N. Y. 452, 461.) Though an interlocutory judgment may require the immediate performance of acts which irremediably affect the rights of the parties, and in that sense may be final, yet in so far as it purports to decide the issues litigated in the action, the decision is subject to alteration and revision. All judicial and academic authority supports the rule that the issues which are litigated or may be litigated in an action can be finally adjudicated only by final judgment on the merits. Discontinuance or abatement of the action before final judgment leaves the issues open to contest in other litigation, even though they had been decided provisionally by order entered upon a motion made in the action or by interlocutory judgment.

The test then is not the form of the decision but the nature of the proceedings in which the adjudication is made. If in such proceedings the jurisdiction of the court is limited in scope so that particular questions may be decided only provisionally or for a limited purpose, a decision in any form can be given effect only within the same limits. Thus " a motion to open a default for any reason is generally addressed to the discretion of the court, and is in its nature interlocutory. Such a motion can never result in a decision of the issues involved in the controversy, since it is always predicated upon the fact that the defaulting party has lost the opportunity to present the issue to the court, and the question always is whether the party applying should be permitted to plead." (*Everett* v. *Everett, supra,* p. 461.) On the other hand, an order entered upon the report of a referee on a motion to cancel a judgment is conclusive adjudication " so far as it covers what was actually and necessarily tried on that reference." (*Dwight* v. *St. John, supra,* p. 206.) In both cases the proceedings were in form motions in an action, and in both cases the court was required to decide all questions of law or fact presented. The distinction is that in the first case the only relief which was asked, or which the court could grant, upon the motion was provisional in its nature, and even if granted would leave open for subsequent conclusive adjudication in the same action every issue of fact raised by the pleadings, while in the second case, if the application were granted, the questions necessarily decided upon the application could not be litigated anew in any litigation pending in the same tribunal. Thus the nature of the first proceeding precluded a final decision of the questions there raised, while the nature of the second proceeding required such decision.

We apply the same test here. Concededly, ordinarily an application for temporary alimony and counsel fee

requires determination only of the question whether the applicant has made out a reasonably plain case for provisional relief. If the application is granted, the alleged husband may still contest every issue upon the formal trial of the action, and if the application is denied, the putative wife still has the opportunity to show that her allegations are true. It is said, however, that, in some way, the nature of the proceeding was changed when the court declined to decide the matter upon affidavits, but referred it to a referee "to take testimony, and report with all convenient speed, on the question whether a relationship of husband and wife exists between the parties hereto, and upon the question of the financial ability of defendant."

The reference was merely to inform the conscience of the court. The court could adopt and act upon the finding of the referee or could disregard it. (*Marshall* v. *Meech*, 51 N. Y. 140.) The hearings before the referee may have afforded full opportunity to ascertain the truth or falsity of the plaintiff's allegation that a marriage existed, but, regardless of the nature of the hearings had, the application was only for relief pending upon a final judgment, and the court could not at that stage of the action grant a final judgment upon the truth or falsity of the allegations of the complaint. The discretionary power of the court to grant alimony and counsel fees during the pendency of an action to a putative wife, though the marriage relationship be denied by the alleged husband, may find its source, as suggested in *Brinkley* v. *Brinkley* (*supra*, p. 193), in the fact that in " the interest of society and in aid of public policy " such temporary relief should not be delayed " until the truth or falsehood of her allegations can be ascertained by the proofs formally taken " in the case. The court may in part defeat that public policy by withholding the temporary relief until it has received formal proofs which might be sufficient to permit of a conclusive adjudication, but,

even then, the court's exercise of its discretionary power to grant temporary relief cannot constitute a conclusive adjudication of the issues of the action, for that must still await final judgment, and there whatever may have been decided as an incident of an interlocutory adjudication remains subject to revision by final judgment.

That would be true even if we should construe the order of reference as a tender to the parties of the same opportunity as a trial would afford, to present their formal proof upon the issue of the existence of a marriage. It would be true even if, as the prevailing opinion in the Appellate Division states, the plaintiff " elected * * * to have this question determined on the motion." (245 App. Div. 521, 522.) The purpose of the reference was to inform the conscience of the court. Only to the extent that the court chose to act upon it, would the report of the referee have effect. The court, after confirmation of the referee's report, denied the motion for temporary alimony. The report of the referee may have dictated that decision; but so long as the action was not concluded by final judgment, that decision was subject to modification or change. The issues of the action can be determined only by a judgment rendered by the court. That is true even where the parties consent to a reference of these issues to a referee other than an official referee. (Civ. Prac. Act, § 1174.) The court has not rendered any judgment. Until final judgment, no decision rendered upon a motion made in the action can conclude further contest of the issues in the action. Such decision must from the nature of the proceeding be interlocutory only.

The orders should be reversed and the motion to strike out the defense granted, with costs in all courts. The question certified should be answered in the negative.

CRANE, Ch. J., O'BRIEN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Orders reversed, etc.