EMMANUEL LEWIN, as Substituted Assignee for the Benefit of Creditors of PIONEER LUMINOUS LIGHTS, INC., Appellant, *v.* JOSEPH S. ABRAMS, Trading as ABRAMS & Co., Respondent.

First Department, April 14, 1938.

*Robert J. Blum,* for the appellant.

*Jacob M. Zinaman,* for the respondent.

O'MALLEY, J. An examination under section 16 of the Debtor and Creditor Law is, by its terms, restricted to the taking of evidence and does not authorize the referee to pass upon issues. The statute

merely provides that the evidence adduced, after being filed in the county clerk's office, " may be used in evidence * * * in any action or proceeding then pending, or which may hereafter be instituted." Any opinion of the referee " would be extra-judicial and there is no authority vested in the judge to require it." (*Matter of Holbrook*, 99 N. Y. 539, 543.) Jurisdiction otherwise lacking may not be conferred by consent, and objection on the ground of lack thereof may be raised at any time. (*Robinson* v. *Oceanic Steam Nav. Co.*, 112 N. Y. 315.) The finding of the referee herein, therefore, could not be made binding as to the claims of these parties. (*Bannon* v. *Bannon*, 270 N. Y. 484.)

While the court undoubtedly had general jurisdiction of the subject-matter and of the parties, mere implied consent, if such there was, for the referee to try out the validity of the claim would not justify a final and conclusive order upon such issue. In *Bannon* v. *Bannon* (*supra*) the court likewise had general juridiction of the subject-matter and of the parties. Nevertheless, it was stated that the intermediate order there entered would not be conclusive even if the order of reference was to be construed " as a tender to the parties of the same opportunity as a trial would afford, to present their formal proof upon the issue " (p. 493). Further it was said (at p. 491): " The test then is not the form of the decision but the nature of the proceedings in which the adjudication is made. If in such proceedings the jurisdiction of the court is limited in scope so that particular questions may be decided only provisionally or for a limited purpose, a decision in any form can be given effect only within the same limits." Here, under section 16 of the Debtor and Creditor Law, there was to be the mere taking of testimony and the filing thereof in the county clerk's office for further use.

The order granting defendant's motion dismissing the complaint on the ground of *res adjudicata* and the judgment entered thereon should be reversed, with costs, and the motion denied, with ten dollars costs.

MARTIN, P. J., and TOWNLEY, J., concur; GLENNON and UNTERMYER, JJ., dissent and vote for affirmance.

UNTERMYER, J. (dissenting). The question to be determined on this appeal is whether the previous order of the Supreme Court which approved the report of the official referee, from which no appeal was taken, is void for want of jurisdiction of the subject-matter, so that it might have been treated as non-existent by the parties and must now be disregarded as a nullity by the court. Section 20 of the Debtor and Creditor Law provides, in substance,

that an order entered in such proceedings shall have the same effect as a final judgment of the Supreme Court:

" General powers of court. Any proceeding under this article shall be deemed for all purposes, including review by appeal or otherwise, to be a proceeding had in the court as a court of general jurisdiction, and the court shall have full jurisdiction to do all and every act relating to the assigned estate, the assignees, assignors and creditors, and jurisdiction shall be presumed in support of the orders and decrees therein unless the contrary be shown; and after the filing or recording of an assignment under this article, the court may exercise the powers of a court of equity in reference to the trust and any matters involved therein."

The question, then, is whether the final order of the Supreme Court, vested with general jurisdiction over the assigned estate and with jurisdiction over the parties, is void because, with the implied consent of all these parties, it directed that the referee appointed to conduct the examination of the defendant should determine also the validity of the assignee's claim. The consent was manifested not only by the conduct of the parties in proceeding before the referee without objection, in accordance with the order which referred to him the determination of the claim, but by their failure to appeal from the final order which confirmed his report. Surely, if the court, upon stipulation of the parties, had made the order of reference directing that the validity of the claim be determined before this referee, it could not be contended that the proceedings, and in particular the final order confirming his report, were beyond the jurisdiction of the court. (15 C. J. 807.) When it is stated that jurisdiction over the subject-matter cannot be conferred by consent, it is meant that parties cannot, by their agreement, authorize a court to enter a judgment which by the law of its creation it has no power to make. (*Matter of Walker*, 136 N. Y. 20.) But that principle seems to me entirely inapplicable where the judgment or final order is that of a court with power to make precisely such a judgment or order (1 Freeman on Judgments, § 364) and the only possible question concerns the regularity of the proceedings which resulted therein. (*Rosenblum* v. *Higgins*, 240 App. Div. 131; affd., 265 N. Y. 472; *Dwight* v. *St. John*, 25 id. 203.) All such questions are within the control of the parties and relief against any procedure which is detrimental to the rights of either is by appeal. (*Bangs* v. *Duckinfield*, 18 N. Y. 592, 597.)

*Bannon* v. *Bannon* (270 N. Y. 484) holds nothing to the contrary. It was there decided that an intermediate order could not be made the basis of a plea of *res adjudicata* and that to be available for that purpose the earlier proceedings, whatever their form, must have

contemplated a final determination of the issue. That requirement is fully met in the present case.

The judgment and order should be affirmed, with costs.

GLENNON, J., concurs.

Order and judgment reversed, with costs, and the motion denied, with ten dollars costs.