THEDINA S. LINDEMANN, Appellant, v. ROLAND LINDEMANN, Respondent.

Order affirmed, without costs. No opinion.

Present — Martin, P. J., O'Malley, Townley, Glennon and Dore, JJ.; Dore, J., dissents in an opinion in which Martin, P. J., concurs.

DORE, J. (dissenting). While the opinion of the learned referee is entitled to great respect, it is not *res judicata*. (*Bannon* v. *Bannon*, 270 N. Y. 484.) Plaintiff herself was actually present in court at the time the default was taken. Her counsel, due to a temporary physical incapacity for which he filed a doctor's certificate, was not present, but a representative appeared about eleven A. M., after the inquest had been taken. In a matrimonial case in which the State for reasons of public policy is interested in the status of the parties and especially under the facts showing that the parties herein lived together for about ten years apparently as husband and wife, the default should not have been summarily taken against plaintiff when plaintiff was present. The application to open the default should have been granted. Plaintiff, where the default was not occasioned by her own act or omission, is entitled to her day in court to try out the issues before the court itself in the plenary action.

We dissent and vote to grant the motion to vacate the default and to set aside the inquest taken by defendant on its counterclaim, on condition, however, that plaintiff indemnify defendant for his reasonable and necessary expenses in having his witnesses present in court and prepared for trial on the day the default was taken, and if the parties cannot agree on the amount of such expenses the matter should be remitted to Special Term to determine the amount; costs of this appeal to abide the event.

Martin, P. J., concurs with Dore, J.