ANNE FEDERMAN, Plaintiff, *v.* LEO G. FEDERMAN, Defendant.

Supreme Court, Special Term, New York County, December 17, 1946.

*Samuel M. Chapin, Emanuel Klimpl* and *Alexander S. Moser* for defendant.

*John B. Coppola* and *Joseph Nemerov* for plaintiff.

PECORA, J.   Defendant moves to dismiss the complaint under subdivision 5 of rule 107 of the Rules of Civil Practice on the ground that there is a final determination rendered on the merits determining the same cause of action stated in the complaint. The final determination relied upon is an order of the Supreme Court, Rockland County, dated August 5, 1946, denying an application by plaintiff to enter judgment for arrears of alimony under section 1171-b of the Civil Practice Act.   From the long and prolix complaint herein it appears that plaintiff is suing to recover a sum of money based upon allegations of fraudulent misrepresentations which induced her to consent to reductions in alimony and other transactions.   Fraud is the gravamen of the complaint.

The decision upon the motion under section 1171-b of the Civil Practice Act is not *res judicata*.   In the first place it was an order on a motion.   It did not have that finality necessary to be conclusive in a subsequent action.   (See *Bannon* v. *Bannon,* 270 N. Y. 484, 487.)   All that can be decided upon a motion under section 1171-b is whether a plaintiff will be permitted to enter judgment for arrears of alimony.   The nature of the proceeding, and not the form of the decision determines the effect to be given to the scope of the order.   By its very terms section 1171-b indicates that any determination under it will not affect other rights.   It states: " The relief herein provided for is in addition to any and every other remedy to which the wife may be entitled under the law."   A statute specifically intended to increase rights and remedies should not be employed to reduce them.   Whether successful or not upon an application under section 1171-b a party may pursue any other remedy she has.

One claiming an estoppel by judgment must make out a clear case.   (*Carter* v. *Beckwith,* 128 N. Y. 312.)   Defendant has failed to establish that the claim of fraud was litigated and decided by the court in Rockland County.   While certain passages in the affidavits are singled out from which the court is asked to draw an inference that the issue of fraud was presented, it is clear from the court's opinion there that the decision was not based upon a consideration of that element.   The cause of

action here is wholly different from the issues presented upon the motion under section 1171-b of the Civil Practice Act. The motion to dismiss is denied. The application for alternative relief under rule 103 of the Rules of Civil Practice is also denied. Settle order.