■ FUTURE SALES, INC., Respondent, v FAIRFIELD MALL LIMITED PARTNERSHIP, Appellant.—Mikoll, J. Appeals (transferred to this court by order of the Appellate Division, Second Department) (1) from an order of the Supreme Court (Hickman, J.), entered May 24, 1990 in Orange County, which, *inter alia,* granted plaintiff's motion for summary judgment and declared that plaintiff is entitled to a reduction in rent under its lease with defendant, and (2) from the judgment entered thereon.

These proceedings arise from a dispute over the amount of rent to be paid by plaintiff for space leased by it in a shopping mall owned by defendant in Orange County. The clause at issue in the lease agreement between the parties provided that plaintiff would be entitled to a reduction in rent as follows: "Anything in this Lease to the contrary notwithstand-

ing, it is hereby understood and agreed that during the term hereof [defendant] shall not lease more than one (1) other store in the Shopping Center whose proncipal [sic] business shall be the sale of diamonds, rings, watches, silver, colored-stones and/or carat jewelry. The preceding shall not preclude the leasing of a store not to exceed 1,500 square feet for the sale of moderately-priced costume jewelry. In the event [defendant] shall lease space in the Shopping Center contrary to this provision, then, and in such event, the [plaintiff's] Annual Minimum Rent for the balance of the term herein and any option period shall become and be the amount of Forty-two Thousand Nine Hundred Twelve Dollars ($42,912.00) and the Percentage Rent rate shall become and be four percent (4%). The provisions hereof shall in no way be applicable to any department store in the Shopping Center."

On November 6, 1979 defendant entered into a rental lease agreement with Fairfax Distributing Company, Inc., which operated under the name Kay Jewelers. The lease commenced on March 19, 1980, the same day as plaintiff's lease with defendant. Subsequently, defendant entered into another retail lease with Sweet Feelings Fashions, Inc. whereupon plaintiff notified defendant that the operative facts entitled it to a reduction in rent as provided in the clause at issue in the lease. Defendant denied plaintiff's demand, noting that Sweet Feelings did not constitute a "store whose principal business" is "the sale of diamonds, rings, watches, silver, colored-stones and/or carat jewelry" within the meaning of the lease agreement.

Plaintiff then commenced this action seeking a declaratory judgment that it was entitled to recover excess rent paid during the operation of Sweet Feelings. Defendant denied liability and asserted affirmative defenses and a counterclaim.* Supreme Court appointed a Referee on plaintiff's motion to determine whether Sweet Feelings' "principal business is the sale of precious metals and/or carat jewelry". The Referee found that 75% to 80% of Sweet Feelings' inventory was comprised of jewelry, 60% of its sales for 1989 were comprised of silver and gold sales, and its gold and silver sales were approximately 64% of its sales between 1984 and 1988. The Referee concluded that Sweet Feelings' principal business was the sale of jewelry and precious metal.

Plaintiff then moved for summary judgment based on the Referee's findings and an affidavit of Sweet Feelings' presi-

---

* Defendant's counterclaim has been disposed of.

dent. Defendant opposed the motion and cross-moved for summary judgment, arguing that the clause in the lease agreement entitled it to make one more lease agreement with a jewelry store after commencement of plaintiff's lease term. Supreme Court granted plaintiff's motion for summary judgment and this appeal by defendant ensued.

Two issues are raised on this appeal: (1) whether Supreme Court properly interpreted the lease, and (2) whether the court was correct in concluding that plaintiff established its entitlement to summary judgment.

Plaintiff and defendant urge varying interpretations of the clause at issue. Defendant reasons that because plaintiff's term did not commence until March 19, 1980, the clause did not apply to Kay Jewelers' lease executed in November 1979 and, thus, Sweet Feelings' lease constituted the sole additional lease entered into by defendant during plaintiff's tenancy. Plaintiff, however, contends that the lease clearly provided for the execution of only one other jewelry store lease agreement. Where a contract contains ambiguous language and the issue is to be resolved on the basis of the agreement alone, without reference to extrinsic evidence, the issue is to be determined by the courts as a matter of law (see, *Hartford Acc. & Indem. Co. v Wesolowski,* 33 NY2d 169, 172; *Hudson-Port Ewen Assocs. v Chien Kuo,* 165 AD2d 301, *affd* 78 NY2d 944). A court should attempt to interpret the contract so as to give realization to the parties' reasonable expectations. In this regard consideration must be given to the expressed words, the attendant circumstances, the situation of the parties and the objectives that they were striving to attain (*Brown Bros. Elec. Contrs. v Beam Constr. Corp.,* 41 NY2d 397, 400).

In this case, we find defendant's proffered interpretation permitting it to enter an unlimited number of leaseholds with competing jewelry stores before plaintiff's lease commenced at odds with reality and the situation at hand. The more probable intention is as proposed by plaintiff, i.e., that the lease was to restrict the number of competing jewelry stores in the mall. It is only rational that plaintiff would have striven to control competition and we conclude that the clause in plaintiff's lease should be construed to prohibit defendant from leasing to more than two jewelers, one of whom was plaintiff, during plaintiff's tenancy. Supreme Court, therefore, properly denied defendant's cross motion for summary judgment.

We next address the issue of whether plaintiff was entitled to summary judgment. Plaintiff was required to establish its cause of action or defense " 'sufficiently to warrant the court

as a matter of law in directing judgment' in [its] favor * * * by tender of evidentiary proof in admissible form" *(Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1067, quoting CPLR 3212 [b]).

Plaintiff, in support of its motion, relied on the report of the Referee, an affidavit of the president of Sweet Feelings, a photograph of the store and certain letters and gross sales statements of Sweet Feelings in support of its motion. Plaintiff urges that the appointment of the Referee was pursuant to CPLR 4317, consensual and binding on the parties. In the alternative, plaintiff contends that defendant waived the issue of whether use of the Referee was compulsory or consensual by failing to raise the issue before Supreme Court.

The record discloses that the Referee was appointed on plaintiff's motion pursuant to CPLR 4001. Because the Referee did not conduct a hearing as required by CPLR 4318, his report could be used, at best, to "inform the conscience of the court" *(Bannon v Bannon,* 270 NY 484, 493). Moreover, there is no evidence that the parties consented to the Referee's appointment *(see,* CPLR 4312 [1]) and, because he was not a lawyer, consent was required and his appointment was therefore defective. Furthermore, even if the question of the Referee's appointment could have been waived, his report does not supply the fundamental essential of plaintiff's required proof, namely, what was the quality of merchandise carried by Sweet Feelings and whether it fell within the type of jewelry store proscribed by the lease. The report of the Referee therefore was not determinative of the issue at hand.

The affidavit of the president of Sweet Feelings was also not helpful to plaintiff. All she stated was that Sweet Feelings was a novelty store selling Indian clothes, accessories and costume jewelry. This is buttressed by the photograph of the store included in the submissions. There remain issues of fact to be resolved by the trier of facts and therefore, plaintiff's motion for summary judgment should have been denied.

Casey, J. P., Yesawich Jr., Levine and Crew III, JJ., concur. Ordered that the order and judgment are modified, on the law, without costs, by reversing so much thereof as granted plaintiff's motion for summary judgment and made a declaration in plaintiff's favor; said motion denied; and, as so modified, affirmed.